IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RASHID & RASHIDS, LP, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:23-cv-00265 |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Rashid & Rashids, LP v. Scottsdale Insurance Company*; Cause No. C-2784-23-E; In the 275th Judicial District of Hidalgo County, Texas.

## I.
## BACKGROUND

1. Plaintiff Rashid & Rashids, LP (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. C-2784-23-E; In the 275th Judicial District of Hidalgo County, Texas on July 13, 2023 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on August 11, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) and Southern District of Texas Local Rule 81(1), all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

4. Pursuant to Southern District of Texas Local Rule 81(2), all documents asserting pleadings and answers to such pleadings are incorporated in Exhibits A and B.

5. Pursuant to Southern District of Texas Local Rule 81(3), a full copy of the state court file has been requested and will be filed upon receipt.

6. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action docket sheet is attached as **Exhibit C.**

7. Pursuant to Southern District of Texas Local Rule 81(5), an index of matters being filed is being filed contemporaneous with this Notice of Removal.

8. Pursuant to Southern District of Texas Local Rule 81(6), a list of all counsel of record, including addresses, telephone numbers and parties represented is being filed contemporaneous with this Notice of Removal.

9. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 275th Judicial District Court of Hidalgo County, Texas.

10. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

12.     Plaintiff is a Texas domestic limited partnership. Citizenship of a limited partnership is determined by the citizenship of its partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on a diligent search of publicly available information, the sole partner of Rashid & Rashids, L.P. is the Rashid Family Irrevocable Trust. Shahid Rashid is the trustee of the Rashid Family Irrevocable Trust. After a diligent search of publicly available information, Shahid Rashid is an individual domiciled in the State of Texas. No other members of Rashid & Rashids, L.P. were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

13.     Defendant Scottsdale Insurance Company is a corporation. A corporation is a citizen of any state in which it has been incorporated and the state in which it maintains its principal place of business. *Harvey*, 542 F.3d at 1079.  Defendant is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the States of Ohio and Arizona.

14.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

15.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.

*Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Here, Plaintiff's Original Petition alleges "the relief they seek is monetary in nature and is more than $1,000,000.00." **Exhibit A**, Plaintiff's Original Petition, at ¶ 20. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

16.     Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

17.     WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

(*Signatures on following page*)

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT SCOTTSDALE INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 11th day of August, 2023 to:

John A. Millin, IV                                                           **# 9414 7266 9904 2178 2249 62**
Millin & Millin, PLLC
4107 N 22nd St.
McAllen, Texas 78504
john@millinmillin.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp